UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM K.,[1]<br><br>    Plaintiff<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,[2]<br><br>    Defendant. | Case No. 2:18-cv-05408-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff William K. ("Plaintiff") filed a complaint seeking review of the decision of the Commissioner of Social Security denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the undersigned United States Magistrate Judge and filed briefs addressing the disputed issues in this case. [Dkt. 19 ("Pl. Br."), Dkt. 27 ("Def. Br.").] The Court has taken the parties' briefing under submission without oral argument. For the reasons set

---

[1]     In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party in this case.

[2]     Andrew M. Saul, now Commissioner of the Social Security Administration, is substituted as defendant for Nancy A. Berryhill. *See* Fed. R. Civ. P. 25(d).

forth below, the Court affirms the decision of the ALJ and orders that judgment be entered accordingly.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

In July 2011, Plaintiff filed applications for SSI and DIB alleging disability since December 27, 2008. [Dkt. 15, Administrative Record ("AR") 161-167.] In both applications, Plaintiff stated that he became disabled and unable to work due to a combination of physical and mental impairments. Defendant denied his applications on initial review and reconsideration, and Plaintiff was found not disabled by an Administrative Law Judge ("ALJ") in a December 6, 2012 decision. [AR 16-24.] After the Appeals Council denied review, Plaintiff filed a civil complaint in this Court, which remanded the case for further consideration of Plaintiff's mental impairments at step two. [AR 783-797.]

The ALJ held a hearing on the remanded application on June 13, 2017. [AR 700-726.] The ALJ issued a second unfavorable decision on September 14, 2017. [AR 684-696.] Plaintiff sought review of the ALJ's second decision, which was denied. The present case before the Court followed.

As relevant here, ALJ's decision under review found that Plaintiff had severe impairments including major depressive disorder and diabetes mellitus. [AR 689.] The ALJ then found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. [AR 690.] Based on his impairments, the ALJ found that Plaintiff had the Residual Functional Capacity ("RFC") to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except he is limited to:

> Lifting 50 pounds occasionally, and 25 pounds frequently; standing and walking for six hours in an eight hour workday; sitting for six hours in an eight hour workday; and frequently balancing, bending, climbing, crawling, crouching, kneeling, and stooping. The claimant cannot do

complex work and contact with the general public should be limited to 50% of the time.

[AR 690.]

The ALJ then determined that Plaintiff had no past relevant work, but considering his age, education, and work experience, that jobs existed in significant numbers in the national economy that Plaintiff could perform given his RFC.

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012) (internal citation omitted). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "inconsequential to the ultimate nondisability determination, or if despite the legal error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks and citations omitted).

///

# IV. DISCUSSION

The sole issue in dispute is whether the ALJ properly evaluated the reliability of Plaintiff's statements about his limitations. Plaintiff contends that the ALJ failed to articulate legally sufficient reasons for rejecting his subjective symptom testimony. [Pl. Br. at 5-11.] The Court disagrees.

## A. Plaintiff's Testimony

Plaintiff testified at the hearing that he experiences flashbacks, depression, and anxiety due to his mother's death. [AR 710-711.] Plaintiff attempted suicide in 2007. [AR 710.] However, Plaintiff's mother died in December 2008. [AR 712.] Plaintiff testified that he has good days and bad days, but his flashbacks of his mother's death can occur up to three times a week. [AR 713.] Plaintiff has difficulty concentrating and he is very forgetful. [AR 718.] At the time of the hearing, Plaintiff was not receiving any mental health treatment. [AR 719.]

## B. Federal Law

A two-step analysis applies at the administrative level when considering a claimant's credibility. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). First, the claimant must produce objective medical evidence of an impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Id.* at 1281-1282. If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his symptoms only if he makes specific findings that include clear and convincing reasons for doing so. *Id.* at 1281. The ALJ must "state which testimony is not credible and what evidence suggests the complaints are not credible." *Mersman v. Halter*, 161 F. Supp. 2d 1078, 1086 (N.D. Cal. 2001) (internal citations and quotation marks omitted) ("The lack of specific, clear, and convincing reasons why Plaintiff's testimony is not credible renders it impossible for [the] Court to determine whether the ALJ's conclusion is supported by substantial evidence"); Social Security Ruling ("SSR") 96-7p, 1996 SSR LEXIS 4 (ALJ's decision "must

be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and reasons for that weight").

An ALJ can consider many factors when assessing the claimant's credibility. *See Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). The ALJ can consider the claimant's reputation for truthfulness, prior inconsistent statements concerning symptoms, other testimony by the plaintiff that appears less than candid, unexplained or inadequately explained failure to seek treatment, failure to follow a prescribed course of treatment, plaintiff's daily activities, the plaintiff's work record, or the observations of treating and examining physicians. *Smolen*, 80 F.3d at 1284; *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007).

In this case, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to produce his alleged symptoms. [AR 691.] Therefore, absent affirmative evidence of malingering, the ALJ's reasons for rejecting Plaintiff's testimony must be clear and convincing.

**C.  The ALJ's Decision Sets Forth At Least One Clear and Convincing Reason for Rejecting Plaintiff's Credibility**

As an initial matter, Plaintiff contends that the ALJ improperly discredited his testimony solely because his subjective complaints were inconsistent with the objective evidence. [Pl. Br at 7-8.] However, Plaintiff's argument ignores the other specific, clear and convincing reasons provided by the ALJ. In addition to finding that Plaintiff's complaints of extreme limitations were unsupported by the medical record, the ALJ also found Plaintiff's subjective testimony incredible because Plaintiff had significant gaps in his treatment history and Plaintiff's condition improved with medication. [AR 692.] The Court therefore rejects Plaintiff's argument that ALJ relied solely on the objective medical evidence when discounting his credibility and finds that the ALJ gave clear and convincing reasons supported by the record for several reasons.

First, despite Plaintiff's complaints of severe limitations, the ALJ properly noted that the record reflects significant gaps in Plaintiff's mental health treatment history. [AR 691-92.] In assessing credibility an ALJ may properly consider a Plaintiff's unexplained failure to seek treatment consistent with the alleged severity of his subjective complaints or to follow a prescribed course of treatment. *See Molina*, 674 F.3d at 1113 ("We have long held that, in assessing a claimant's credibility, the ALJ may properly rely on unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment.) Here, the ALJ correctly noted that the first record of Plaintiff's mental health treatment did not occur until four months after his alleged disability onset date. [AR 691.] On this date, Plaintiff reported he had not taken anti-depressants for "at least 6 months." [AR 685.] Despite going without medication for an extended period, Plaintiff's mental status examinations were largely normal and upon examination, Plaintiff had a Global Assessment of Functioning (GAF) score of 65.[3] [AR 384.] The ALJ further noted another extended gap between 2009 and 2011 when Plaintiff went without mental health treatment for two years. [AR 692.] Finally, Plaintiff's last record contains a doctor's note dated May 25, 2016, more than four years after his last (2012) mental health treatment note, which revealed that Plaintiff "continued to take medications," "but there [was] no further evidence of psychiatric treatment." [AR 692.] These significant gaps in treatment are "powerful evidence" the ALJ was permitted to consider in assessing Plaintiff's credibility. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Second, the ALJ properly relied on Plaintiff's ability to control his symptoms with medication when assessing Plaintiff's subjective claims of impairment. [AR

---

[3] A GAF score between 61–70 indicates "[s]ome mild symptoms (e.g., depressed mood and mild insomnia) OR some difficulty in social, occupational, or school functioning ... but generally functioning pretty well, has some meaningful interpersonal relationships." DSM–IV at 34.

692.] A condition that can be controlled or corrected by medication is not disabling for purposes of determining eligibility for benefits under the Act. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). The ALJ may consider Plaintiff's responsiveness to medication in assessing credibility. *Tidwell v. Apfel*, 161 F.3d 599, 601-02 (9th Cir. 1999) (in assessing claimant's credibility, ALJ did not err in considering that medication "aided" plaintiff's symptoms.)

Here, the ALJ noted that Plaintiff's medications "kept his symptoms under good control." [AR 692.] In 2008, Plaintiff was admitted to Balboa Crisis Center for severe mood disturbance and as a danger to himself and others. Plaintiff was diagnosed with major depressive disorder and he had a GAF score of 30 on admission. [AR 364.] Plaintiff was prescribed Neurontin, Cymbalta, and Remeron. [AR 367.] The ALJ noted that by April 25, 2008, Plaintiff was taking his medications and was noted to be stable on them, with a GAF score of 60. [AR 691.] On August 25, 2011, Plaintiff was seen for an evaluation of medications. [AR 531.] Plaintiff had a normal mental status examination and continued to take his medications. [AR 692.] Plaintiff's mental status examinations from that time period—July, August, November, and December 2011—were all consistently normal, showing calm behavior, normal psychomotor activity, clear speech, neutral mood, appropriate affect, no hallucination, good attention and concentration, and fair memory, judgment, insight, and impulse control. [AR 489-90, 499-500, 508-09, 517, 526-27.] Plaintiff's last mental health treatment note from March 19, 2012 likewise showed normal mental status examination findings and his treatment note stated that Plaintiff was "stable on med" and he needed "no adjustment." [AR 561.] The ALJ properly considered this as evidence that Plaintiff's positive response to medication undermined his complaints of disabling limitations.

Third, the ALJ's determination that the objective evidence is inconsistent with Plaintiff's testimony regarding the severity and extent of his limitations is supported by substantial evidence. The ALJ thoroughly discussed Plaintiff's mental health

7

testimony and the medical evidence of his mental disorders. [AR 691.] The ALJ referenced Plaintiff's suicide attempt and his diagnosis of "low grade chronic depression." [AR 691-692.] The ALJ also identified several pieces of medical evidence revealing relatively normal mental status examinations, noncompliance with treatment, and extended gaps in Plaintiff's treatment history. Furthermore, the ALJ discussed the findings from testifying psychiatric expert, Nathan Stahl, MD. [AR 692.] Dr. Stahl diagnosed dysthymic disorder, but he opined that Plaintiff did not have any "severe psychiatric impairments in terms of functionality." [AR 703.] Dr. Stahl found that based on his impairments, Plaintiff could not do complex work, but he could interact with the general public 50% of the time. [AR 692.]

The ALJ was permitted to consider the lack of supporting medical evidence as a factor confirming his other reasons to reject Plaintiff's credibility. *See Burch*, 400 F.3d at 681; *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."); Social Security Ruling 96-7p (same). Accordingly, there is substantial evidence in the record for the ALJ's conclusion that the objective medical evidence does not support Plaintiff's symptom testimony.

Finally, Plaintiff challenges the ALJ's discussion of his daily activities as corroborated by his lay witnesses, James Powers and Rose Johnson ("Plaintiff's friends.") (Doc. 18 at 14-15). Plaintiff's friends completed a third-party function report in 2009 and 2011 describing a variety of activities Plaintiff could and could not do. [AR 692-93.] Despite finding that the lay witness statements were internally inconsistent, the ALJ opined that Plaintiff's friends' reports nevertheless demonstrated that Plaintiff "could sustain extended periods of stability without any formal psychiatric management." [AR 693.] Plaintiff argues that the ALJ should have credited the limited daily activities described by his friends as evidence that he

is incapable of performing work on a sustained basis.

The Court need not address whether the ALJ's treatment of Plaintiff's daily activities was a valid reason to reject Plaintiff's credibility because even assuming that it was not, any error was harmless in light of the other legally sufficient reasons for the ALJ's determination. *See Molina*, 674 F.3d at 1115 (where one or more reasons supporting ALJ's credibility analysis are invalid, error is harmless if ALJ provided other valid reasons supported by the record); *Batson v. Comm'r of Soc. Sec. Admin.,*, 359 F.3d 1190, 1197 (9th Cir. 2004) (even if the record did not support one of the ALJ's stated reasons for disbelieving a claimant's testimony, the error was harmless where ALJ provided other valid bases for credibility determination).

Overall, the ALJ cited clear and convincing reasons for rejecting Plaintiff's subjective complaints regarding the intensity, duration, and limiting effects of his symptoms. Moreover, the ALJ's reasons were properly supported by the record and sufficiently specific to allow this Court to conclude that the ALJ rejected Plaintiff's testimony on permissible grounds and did not arbitrarily discredit Plaintiff's testimony. Accordingly, reversal is not warranted based on the ALJ's consideration of Plaintiff's testimony regarding the nature and severity of his symptoms.

## V. CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

**IT IS SO ORDERED.**

DATED: September 18, 2019

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE